UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STACEY TIJERINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV722 CDP |
| | ) |
| BOMMARITO PONTIAC SOUTH, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On March 25, 2013, a consent judgment was entered in plaintiff Stacey Tijerina's favor. Plaintiff Tijerina has now filed a motion for bill of costs, seeking $2,069.60. Defendant Bommarito has objected, arguing that certain items claimed are not properly taxable. Tijerina has responded to those objections, conceding that they are not taxable, and so I will only award costs to Tijerina in the amount of $922.79.

Under Fed. R. Civ. P. 54(d), "costs – other than attorney's fees – should be allowed to the prevailing party." The specific costs that are recoverable are listed in 29 U.S.C. § 1920, as follows:

(1)     Fees of the clerk and marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

It is well settled that district courts are "bound by the limitations" established by section 1920, and costs not listed under that section are not taxable. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987). Because judgment was entered in her favor, plaintiff Tijerina is the prevailing party in this litigation and is entitled to reimbursement for her costs as set out in section 1920.

    Tijerina's motion for bill of costs claims taxable costs in the amount of $2,069.60, including $350.00 for filing fees, $45.00 for service fees, $365.80 for court reporter fees, $50.79 for witness fees, $66.20 for exemplification and copies, and $1,191,81 for other costs. These other costs are comprised of $1,127.50 for mediation fees, $4.00 for parking, $45.00 for service of a subpoena, and $15.31 in postage. Defendant objects to the taxation of costs for mediation fees, postage, and parking. In her reply brief, plaintiff concedes that these costs are not taxable. Therefore, I will not award costs to Tijerina for mediation fees, postage, or parking.

As to the remaining items in Tijerina's motion for bill of costs, I have reviewed the costs listed, as well as the exhibits presented in support of those costs. I conclude that all of Tijerina's remaining charges are taxable under section 1920, and so I will grant Tijerina's motion in part, in the amount of $922.79. Thus, I will order taxed the following costs:  $350.00 for filing fees, $45.00 for service of summons, $365.80 for court reporter fees, $50.79 for witness fees, $66.20 for exemplification and copies, and $45.00 for other costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for bill of costs under 28 U.S.C. § 1920 [#44] is granted in part and denied in part. The Clerk shall tax costs in favor of plaintiff Stacey Tijerina in the amount of $922.79.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2013.