UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY TIJERINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV722 CDP |
| | ) | |
| BOMMARITO PONTIAC SOUTH, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the court on the motion for attorneys' fees filed by plaintiff Stacey Tijerina. A consent judgment was entered in Tijerina's favor on March 25, 2013, following her acceptance of defendant's offer of judgment. The consent judgment was for $15,000 plus Tijerina's "reasonable attorney's fees as determined by the Court." Plaintiff seeks an award of attorneys' fees in the amount of $81,089. Defendant opposes the amount of the award for a number of reasons. I conclude that plaintiff is entitled to most of what she seeks, and I will order defendant to pay her counsel the amount of $79,024 as the reasonable attorneys' fees called for by the consent judgment.

*Discussion*

Plaintiff seeks to recover attorneys' fees representing work done by three lawyers and one paralegal. Defendant objects that plaintiff may only receive

attorneys' fees from the date she received permission from the Bankruptcy Trustee to retain counsel for this case, and that any fees incurred before that date are not recoverable. Defendant also objects that the fees are unreasonable in light of the limited relief obtained by plaintiff, and because the charges include time plaintiff's lawyers spent talking to one another. It also objects that the paralegal's time cannot be included because she did not provide her own declaration.

1. Effect of Bankruptcy

Plaintiff apparently did not initially inform her lawyers that she had declared bankruptcy. But she had, so the recovery of $15,000 that she obtained in this case was property of the bankruptcy estate. The Bankruptcy Court did not approve her (belated) request to retain counsel for this case until February 26, 2013. Plaintiff had initially contacted counsel Matthew Casey in February of 2012; Mr. Casey then brought counsel Eric Sowers (and others in his firm) into the case. Suit was actually filed in April of 2012. Thus, for a year, counsel worked on the case without having obtained approval from the bankruptcy court. On March 19, 2013, defendants made their offer of judgment, and the Consent Judgment was filed on March 25, 2013.

The parties have cited a number of bankruptcy cases standing for the general proposition that 11 U.S.C. § 327 requires the bankruptcy court's approval

for the debtor to employ a lawyer to bring suit against a third party. *See, e.g., J.L. Lavender v. Wood Law Firm,* 785 F.2d 247, 248 (8th Cir. 1986); *In re BOH! Ristorante, Inc.*, 99 B.R. 971, 972-73 (B.A.P. 9th Cir 1989); *Killebrew v. CSX Transp., Inc.*, 2005 WL 1705636, at *4 n.2 (M.D. Ala. July 19, 2005). But none of those cases dealt with the issue presented here, where counsel performed a year's worth of work before learning of their client's bankruptcy and where the fee would not reduce the bankruptcy estate. In this case the unapproved attorneys are not seeking to recover from the bankruptcy estate; to the contrary, their work resulted in the bankruptcy estate gaining $15,000 that would not otherwise have been available to pay the plaintiff's creditors.

Most importantly, in this case the defendant agreed to pay plaintiff's "reasonable attorneys' fees as determined by the Court." This language was in the offer of judgment and it was in the Consent Judgment that was entered. It was logical for defendant to include the attorneys' fees, of course, since fees are available to a prevailing party in an employment case like this under 42 U.S.C. § 2000e-5(k). I conclude that when defendant agreed to pay the reasonable attorneys' fees in this case, it waived any right it might have had to argue that the bankruptcy law precludes an award of fees. None of the cases cited by defendant are to the contrary, and it is common sense that one cannot agree to a judgment for

something and then later claim the law excuses it from paying what it agreed. *See Hennessy v. Daniels Law Office*, 270 F.3d 551, 553-54 (8th Cir. 2001) (within the Eighth Circuit, an offer of judgment is treated as an offer to make a contract, and a party's acceptance of that offer binds the offeror to the offer's terms); *see also Thompson v. S. Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 905-06 (8th Cir. 2008). I will therefore consider the fees for reasonableness.

2. Reasonableness of the Fee Sought

In order to determine the amount of reasonable attorneys' fees, I should employ the "lodestar" method as the starting point and first determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Quigley v. Winter*, 598 F.3d 938, 957 (8th Cir. 2010) (district courts are to apply *Hensley*'s lodestar approach when determining reasonable attorneys' fees). As *Hensley* noted, the product of reasonable hours times a reasonable rate is the beginning point of the inquiry, and there are "other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434. Once I have determined that amount, I should consider the other factors set out in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), to determine whether the fee should be

adjusted upward or downward.[1]  *Id.* at 434; *see also City of Riverside v. Rivera*, 477 U.S. 561, 568 n.3 (1986).

Plaintiff seeks attorneys' fees based on the lodestar in the total amount of $81,089, which breaks down as follows:   Matthew Casey for 29.8 hours at $330 per hour ($9,834); Eric Sowers for 102.8 hours at $450 per hour ($46,260); Ferne Wolf for 16.5 hours at $400 per hour ($6,560); Elizabeth Dillon for 71.4 hours at $250 per hour ($17,850); and paralegal Erin O'Donnell for 6.5 hours at $90 per hour ($585).

First, I conclude that the hourly rates charged for each person are reasonable.   Attorneys' fees should be "based on market rates for the services rendered."  *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989).   Plaintiff has supported her claims with appropriate affidavits showing that these hourly rates are reasonable.

Defendant also challenges the number of hours spent by the lawyers, and argues that plaintiff billed time for multiple lawyers performing the same function

---

[1] The factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney because of acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases.  *Johnson,* 488 F.2d at 717-19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

or consulting with one another.[2] I have carefully reviewed the time sheets, and I conclude that plaintiff's bills are appropriate and reasonable, except for a few minor areas where I will reduce the hours slightly.

It was reasonable for plaintiff to have both lawyers at the mediation. As explained by plaintiff, Mr. Casey had the initial relationship with the client, and Mr. Sowers had more expertise in employment law and knowledge about the likelihood of success at trial. Having both lawyers present with plaintiff was reasonable because it increased the likelihood that the mediation would succeed.

I reach a slightly different result with regard to having three lawyers at the motion to compel hearing. Plaintiff argues that because Mr. Casey was counsel of record, a member of his firm was required to attend the hearing. But most judges, and certainly me, would only require one lawyer per side to attend a hearing, so long as that lawyer was prepared. We have many hearings where a party is represented by lawyers from multiple firms but only one lawyer appears at a hearing such as this. Mr. Casey's appearance, while certainly proper, was not necessary, and so I will reduce his fee award by the time he spent attending that court appearance (1.5 hours). On the other hand, I conclude that it was

---

[2] I reject defendant's argument that the evidence is insufficient to support the bills for one lawyer. A supervising lawyer's affidavit about hours spent by an associate or paralegal is based on business records and so is admissible evidence for me to consider on this motion.

appropriate for both Mr. Sowers and Ms. Wolf to attend, as they had worked on different aspects of the discovery issues.

It is reasonable for counsel to consult with one another about a client matter, and it is reasonable for counsel to delegate many tasks to attorneys with lower hourly rates and to paralegals. The delegation saves money but makes more consultation necessary. Plaintiff's lawyers have billed approximately twenty hours for such consultation, and I believe it is reasonable to reduce the fees awarded somewhat on this issue, because some of the consultation among the partners, at least, was not reasonably necessary. I will reduce Mr. Casey's award by 3 hours; Mr. Sowers' by 1.5 hours, and Ms. Wolfe's by 1 hour to account for this. *See Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974) (limited by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Thus, the appropriate lodestar calculations are:

Matthew C. Casey: 26.8 hours at $330 per hour = $8844

Eric Sowers: 101.3 hours at $450 per hour = $45,585

Ferne P. Wolf: 15.4 hours at $400 per hour = $6160

Elizabeth S. Dillon: 71.4 hours at $250 per hour = $17,850

Erin O'Donnell: 6.5 hours at $90 per hour = $585

The total lodestar calculation is thus $79,024.

Defendant argues that the lodestar amount should be reduced because of the limited success obtained by plaintiff.[3] *Hensley* itself noted that this issue is particularly crucial in the situation where a plaintiff prevailed on some, but not all, of its claims. 461 U.S. at 434. But that is not the situation here because there were only two counts, they were closely related and based on common facts and related legal theories, and the offer of judgment was for the entire case. *See Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (fee should not be reduced because plaintiff prevailed on some, but not all, closely related claims of discrimination).

As the Eighth Circuit noted in *Sturgill,* the *Hensley* analysis asks whether plaintiff "achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." 512 F.3d at 1036. Plaintiff's attorneys expected to be able to prove economic damages of slightly over $20,000, so they argue that recovering 75% of that amount is not limited success. In response, defendant argues that the success is limited because at trial plaintiff would undoubtedly have sought additional amounts for non-economic damages, and because she was only willing to accept the offer once she realized that any damages she collected would go to the bankruptcy estate.

---

[3] Defendant does not argue that any of the other *Johnson v. Georgia Highway* factors require a reduction. I have independently considered the other factors and find that none of them require an adjustment to the lodestar.

Most of the cases discussing limited success are, like *Hensley* itself, cases where a judge or jury has awarded relief on some but not all claims. *See, e.g., Al-Birekdar v. Chrysler Grp., LLC,* 499 Fed. Appx. 641, 2013 WL 869758, Nos. 08-3780, 09-1091, at *2-*3 (8th Cir. Mar. 11, 2013); *Marez v. Saint-Gobain Containers, Inc.,* 688 F.3d 958, 966 (8th Cir. 2012). In fact, only one of the long list of cases cited by defendant involved a settlement. But in that case, *Burks v. Siemens Energy & Automation, Inc.,* 215 F.3d 880 (8th Cir. 2000), the parties specified in their settlement that the amount paid was "nuisance value consideration only," *id.* at 881, which is hardly the situation here.

There are cases involving offers of judgment, but in most of those cases the dispute was whether plaintiff was a prevailing party. *See Fisher v. Kelly,* 105 F.3d 350 (7th Cir. 1997); *Lyte v. Sara Lee Corp.,* 950 F.2d 101 (2d Cir. 1991); *Stefan v. Laurenitis*, 889 F.2d 363 (1st Cir. 1989). That is not an issue here because defendant specifically included payment of reasonable attorneys' fees in its offer of judgment, conceding that plaintiff was the prevailing party.

The closest case to this one is *Singelton v. Cable-Dahmer Chevrolet, Inc.*, 1997 WL 527277, No. 2:96CV0099 (W.D. Mo. May 28, 1997). In that case the court rejected an argument that the fee should be reduced because of limited success where the offer of judgment was an offer of judgment on all claims.

*Singleton* was not a case where the offer of judgment explicitly included attorneys' fees, but its reasoning is persuasive and can be applied here.

When all factors are considered, a judgment of $15,000 is much more than nuisance value. Although there is no doubt that plaintiff might have sought and might have received more at trial, I cannot say that this result was so limited that a further reduction in the fee is necessary. I will thus award a fee in the amount of $79,024.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorneys' fees [#47] is granted, and defendant is required to pay plaintiff's reasonable attorneys' fees in the amount of $79,024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2013.